# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER BROWN | CIVIL ACTION |
| VERSUS | NO: 17-2255 |
| AMERICAN RIVER TRANSPORTATION CO. | SECTION "H" |

## ORDER AND REASONS

Before the Court are Defendant's Motions in Limine to Limit Testimony of Dr. Lyons (Doc. 46) and Motion for Summary Judgment regarding medical causation (Doc. 47). For the following reasons, the Motions are DENIED.

Plaintiff Christopher Brown worked as a seaman aboard the M/V LOUISIANA BELLE, owned and operated by Defendant American River Transportation Co., when he was injured. Plaintiff alleges that he injured his left knee while descending a set of stairs aboard the vessel. Just prior to the incident, he had worked for many hours in a kneeling position, and Plaintiff alleges that Defendant's negligence in failing to provide appropriate knee pads and safety gear caused his injury. He brings claims for Jones Act negligence, unseaworthiness, and entitlement to maintenance and cure.

Defendant has moved for summary judgment, arguing that Plaintiff cannot succeed on his negligence and unseaworthiness claims because he cannot show medical causation. That is, he cannot show that his injury was

causally related to kneeling on the deck of the vessel. Defendant has also moved to limit the testimony of Defendant's treating physician, Dr. Thomas Lyons, to his reports and opinions given at his deposition.

The root of both of Defendant's motions is the fact that Dr. Lyons failed to expressly link Plaintiff's kneeling to his injury in either his reports or deposition. Defendant argues that Dr. Lyons should not be allowed to testify outside of those statements and that Plaintiff therefore cannot prove causation.

**A. Motion in Limine**

This section has specifically represented to the attorneys in this matter, and indeed in nearly every matter before it, the requirements for disclosure under Rule 26 as it relates to non-retained experts. This Court reads Rule 26 to require that a party need only disclose the name of a treating physician along with the "subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify."[1] In compliance with this Court's instructions, Plaintiff made the following disclosure:

> Dr. Thomas Lyons, Orthopedic Center for Sports Medicine—board-certified orthopedic surgeon to provide medical expert testimony concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, medical causation opinions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, any other relevant medical issue concerning plaintiff's medical treatment or physical condition.

---

[1] Fed. R. Civ. P. 26(a)(2)(C).

Accordingly, Defendant was on notice as to the opinions that Plaintiff intended to elicit from Dr. Lyons and was free to explore those areas at his deposition. Defendant's failure to question Dr. Lyons regarding his opinion on medical causation rests solely in the hands of its attorneys. This Court will not limit Dr. Lyons's testimony at trial, and he is therefore free to testify regarding his opinion on medical causation.

### B. Motion for Summary Judgment

Next, Defendant argues that it is entitled to summary judgment on Plaintiff's Jones Act negligence and unseaworthiness claims because Plaintiff cannot establish medical causation. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish

---

[2] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

"The standard of causation in Jones Act cases is not demanding."[10] A seaman need only show that "employer negligence played any part, even the slightest, in producing the injury."[11] "Although in Jones Act cases a 'jury is entitled to make permissible inferences from unexplained events,' summary judgment is nevertheless warranted when there is a complete absence of proof of an essential element of the nonmoving party's case."[12] Similarly, to succeed on an unseaworthiness claim, the plaintiff need only prove that the alleged unseaworthy condition "played a substantial part in bringing about or actually

---

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[10] Johnson v. Cenac Towing, Inc., 544 F.3d 296, 302 (5th Cir. 2008).
[11] Johnson v. Horizon Offshore Contractors, Inc., No. 06-10689, 2008 WL 916256, at *4 (E.D. La. Mar. 31, 2008).
[12] *Id.*

causing the injury and that the injury was either a direct result of a reasonably probable consequence of the unseaworthiness."[13]

At his deposition, Dr. Lyons testified that kneeling for a long period of time without proper safety gear could have caused Plaintiff's injury. This Court finds that this statement is more than mere speculation and is sufficient to create a material issue of fact as to medical causation. This is not a situation where there is a "complete absence of proof" of medical causation such that summary judgment is warranted. Defendant's motion is denied.

## CONCLUSION

For the foregoing reasons, the Motions are DENIED.

New Orleans, Louisiana this 14th day of May, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[13] Braxton Thorngate v. Legacy Offshore, LLC, No. 17-03002, 2018 WL 2010124, at *6 (E.D. La. Apr. 30, 2018).

5